IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephanie E. Peay,<br><br>           Plaintiff,<br><br>vs.<br><br>Wachovia Bank, N.A., a/k/a Wells Fargo Bank, N.A.,<br><br>           Defendant.<br>_____ | C/A No. 3:12-2009-CMC-PJG<br><br>**REPORT AND<br>RECOMMENDATION** |

Stephanie E. Peay ("Plaintiff"), a self-represented litigant, brings this action alleging personal injury in the workplace. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**BACKGROUND**

Plaintiff indicates that she worked "at the Wachovia Building located on 101 Greystone Blvd." from August of 2006 until August of 2010. (Compl., ECF No. 1 at 4.) Shortly "after transferring to this facility [Plaintiff began] getting sick repeatedly." (Id.) Plaintiff attributes her health issues to "asbestos, mold and paint fumes at the Greystone Call Center Site." (Id.) The Complaint states that Plaintiff worked for defendant Wachovia Bank, N.A., also known as Wells Fargo Bank, N.A. ("Wachovia"), for approximately twenty years prior to transferring to the Greystone facility without ever experiencing health issues or "an absentee problem" due to health issues. (Id.) Plaintiff indicates that she "endured pain and suffering for nearly three years with no relief" and eventually resigned her position due to the chronic health issues caused by the alleged environmental problems in her

workplace. (Id. at 5.) Plaintiff believes the defendant's failure to "inform the employees" of such environmental issues constitutes "pure negligence and endangerment." (Id.) Plaintiff seeks monetary damages, employer paid health insurance, and inspection of the building in which she worked. (Id. at 8.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents:   Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).



This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

An employee's claims against an employer for personal injury due to negligence are barred by the exclusive remedy provided under the South Carolina Workers' Compensation Act ("Act"). See S.C. Code Ann. § 42-1-540; Dickert v. Metro. Life Ins. Co., 411 S.E.2d 672, aff'd in part and rev'd in part on other grounds, 428 S.E.2d 700, 701 (S.C. 1993) (stating that the Act provides exclusive remedy for work related injuries, and claims for negligence, including emotional distress, are covered by the Act). The only established exceptions to the exclusivity provisions of the Act are where: (1) the injury results from the act of a subcontractor, rather than the injured person's direct employer; (2) the injury is not accidental, but instead results from the intentional act of the employer or its alter ego; (3) the tort is slander causing injury to reputation; and (4) the Act specifically excludes certain occupations. See Cason v. Duke Energy Corp., 560 S.E.2d 891, 892 n.2 (S.C. 2002). With regard to an intentional act by an employer, South Carolina courts have held that "only those injuries inflicted by an employer who acts with a deliberate or specific intent to injure are exempted from the exclusive remedy of workers' compensation coverage." Peay v. U.S. Silica Co., 437 S.E.2d 64, 65-66 (S.C. 1993); see also Edens v. Bellini, 597 S.E.2d 863, 870 (S.C. Ct. App. 2004) ("The intentional tort exception is created through a deliberate intent to injure.").

The instant Complaint seeks monetary damages for personal injury to Plaintiff resulting from Defendant Wachovia's alleged negligent failure to properly disclose "pertinent environmental issues to their employees." (ECF No. 1 at 8.) The Complaint provides no facts to demonstrate a deliberate intent by Defendant Wachovia to injure Plaintiff. Further, Plaintiff provides no indication that any other exception to the exclusivity

provisions of the Act are applicable to this case. As Plaintiff's claims are barred by the exclusive remedy provisions of the Act, this case is subject to summary dismissal.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice. It is further recommended that Defendant Wachovia's motion to dismiss, (ECF No. 14), be terminated as moot.[1]

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 20, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[1] Defendant Wachovia filed a motion to dismiss prior to the court's completion of initial review and before authorization of service of process.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).