**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Stephanie E. Peay, | ) | C.A. No. 3:12-2009-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION AND ORDER** |
| v. | ) | |
| | ) | |
| Wachovia Bank, N.A., a/k/a Wells Fargo | ) | |
| Bank, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Report and Recommendation ("Report") entered on November 21, 2012. Dkt. No. 28. For the reasons set forth below, the Report is adopted and this action be summarily dismissed without prejudice. The court also terminates Defendant's motion to dismiss as moot.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R.

Civ. P. 72 advisory committee's note).

## DISCUSSION

Through this action, Plaintiff, who is proceeding *pro se* and *in forma pauperis*, seeks damages for alleged chronic health issues caused by environmental problems in her workplace. The Report recommends that the matter be dismissed because it is barred by the exclusive remedy provided under the South Carolina Workers' Compensation Act ("the Act"). As explained in the Report, Plaintiff has not alleged facts to suggest that any of the exceptions to the exclusivity provisions of the Act would apply.

Plaintiff was advised of her right to object to this recommendation. She did not file any objection despite passage of the time allowed for doing so. The court has, therefore, reviewed the Report for clear error. Finding none, the court adopts the Report in full.

## CONCLUSION

For the reasons set forth above, the Report and Recommendation is adopted and this action is dismissed without prejudice. The court also terminates Defendant's motion to dismiss as moot.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 13, 2012